# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JENNIFER BUCKMASTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIFE INSURANCE COMPANY OF ) <br> NORTH AMERICA d/b/a ) <br> CIGNA GROUP INSURANCE, ) <br> ) <br> Defendant. ) | Case No. 4:17-CV-02439-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Jennifer Buckmaster's Motion for Remand (Doc. 8). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 5). For the following reasons, Plaintiff's Motion will be **DENIED**.

## I. Background

Plaintiff Jennifer Buckmaster ("Buckmaster") filed this action for breach of contract (Count I) and Vexatious Refusal to Pay (Count II) against Defendant Life Insurance Company of North America, doing business as CIGNA Group Insurance ("LINA") on August 9, 2017, in St. Louis City Circuit Court (Doc. 3). LINA provides long term disability ("LTD") benefits to eligible employees of the Park Hills Public School District (*Id.* at 1). Ms. Buckmaster, a former employee of the Park Hills School District, stopped working in July of 2014 due to various illnesses (*Id.* at 2). On November 6, 2014, LINA approved Ms. Buckmaster's claim for long term disability benefits (*Id.*). LINA paid LTD benefits to Ms. Buckmaster for 24 months before denying her benefits as of January 6, 2017 (*Id.* at 5). Ms. Buckmaster indicates that she is

entitled to payment of disability benefits in the amount of $3,277 per month and seeks, "past due long-term disability benefits, for damages as provided in Section 375.430 R.S.MO,[1] for prejudgment interest on past due sums, attorney's fees, costs, and for an Order to pay Plaintiff future monthly long-term disability benefits" (*Id.*).

LINA timely removed this action to this Court on September 19, 2017, based on diversity jurisdiction (Doc. 1). On October 10, 2017, Ms. Buckmaster filed a Motion for Remand in which Ms. Buckmaster asserts the amount in controversy is not met because, with offsets, Ms. Buckmaster's monthly benefit from LINA is $526.57 per month and the "amount in controversy to date," from the January 6, 2017 termination, is only $5,265.70 (Doc. 8). In its Notice of Removal, LINA argues that the amount in controversy exceeds $75,000 because in her Petition, Ms. Buckmaster alleges that she is entitled to benefits as of January 6, 2017 as well as future benefits of $3,277 per month (Doc. 1 at 3). Additionally, in response to the Motion for Remand, LINA provides an email exchange with Plaintiff's counsel indicating that Plaintiff has valued the case at $110,579.70 with a monthly benefit of $526.57[2] for 17.5 years, from January 1, 2017 until Ms. Buckmaster's 67th birthday (Doc. 14-1). LINA also provided the Court with the Affidavit of Alexandria Gelb, a Senior Operations Representative for LINA (Doc. 14-2). Ms. Gelb calculates Ms. Buckmaster's potential benefits as totaling $94,311.00 (*Id.*).

---

[1] Plaintiff inadvertently cites to the incorrect statute. Plaintiff clearly intended to cite to Missouri Revised Statute § 375.420 which reads, in pertinent part:

> In any action against any insurance company to recover the amount of any loss under a policy. . ., if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

2

## II. Analysis

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "To meet this burden, the defendant must present some specific facts or evidence." *Harris v. Transamerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (internal quotation marks omitted). Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Green v. Dial Corp.*, 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing *Bell*, 557 F.3d at 956). Doubts concerning federal jurisdiction are resolved in favor of remand. *Bell*, 557 F.3d at 956.

LINA has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 and Ms. Buckmaster has failed to establish to a legal certainty that the claim is less than requisite amount. On the face of the Petition, the amount in controversy is unclear. Ms. Buckmaster appears to seek disability benefits in the amount of $3,277 per month from January 6, 2017, to an unclarified time in the future as well as damages specific to her vexatious refusal to pay claim, interest, attorney's fees and costs (Doc. 3 at 5). Therefore, the Court must turn to the specific facts or evidence provided by the parties. As a preliminary matter, contrary to Ms. Buckmaster's assertion, future benefits are to be considered when

---

[2] Plaintiff's counsel incorrectly indicates the amount as $536.67 in his email to defense counsel.

determining a case's amount in controversy. *Engle v. Life Ins. Co. of N. Am.*, 2010 WL 2720697, at *2 (E.D. Mo. July 8, 2010) (quoting *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246, 249 (8th Cir. 1987)) ("The Eighth Circuit has instructed that '[w]here the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit.'"). Here, Plaintiff expressly seeks future benefits which accrue on a monthly basis. Even if the Court were to apply the lowest proposed monthly benefit amount to the projected timeline, by counsel's own admission, the total benefit award amount would exceed $75,000 (Doc. 14-1). Indeed, LINA provided the Court with the affidavit of Ms. Gibbs calculating the potential total benefit award as $94,311.00 using a slightly higher monthly benefit amount (Doc. 14-2). Further, these amounts do not include damages for Ms. Buckmaster's vexatious refusal to pay claim or attorney's fees both of which may be properly included in calculating the amount in controversy. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (vexatious refusal to pay); *Young v. State Farm Fire & Cas. Co.*, 2010 WL 173832, at *2 (E.D. Mo. Jan. 15, 2010) (attorney's fees associated with a vexatious refusal claim). Ms. Buckmaster purports to rebut these assertions by pointing to LINA's affirmative defenses in which LINA argues that any determination of future benefits should be remanded to LINA for further administrative proceedings (Docs. 7 at 5, 15 at 2). However, in reviewing the amount in controversy, the Court should not consider affirmative defenses or counterclaims. *See Stengrim v. Nw. Mut. Life Ins. Co.*, 2004 WL 2390070, at *3 n.6 (D. Minn. Oct. 25, 2004). The question is not "whether the damages actually are greater than the jurisdictional amount but only whether the fact finder might conclude that they are." 14AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3702.3 (4th ed. 2017).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jennifer Buckmaster's Motion for Remand (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that a Rule 16 Conference will be set by separate order.

Dated this 28th day of March, 2018.

                                                  /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE